UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTHONY MOREHEAD,

        Plaintiff,

        v.                                           Case No. 21-cv-0423-bhl

JOHN/JANE DOE 1, et al.,

        Defendants.

---

## SCREENING ORDER

---

      Anthony Morehead, who is currently serving a state prison sentence at the Redgranite Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This matter comes before the Court on Morehead's motion for leave to proceed without prepayment of the filing fee and for screening of the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

      Morehead has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Morehead has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $78.56. The Court will grant Morehead's motion for leave to proceed without prepayment of the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS

Morehead is an inmate at the Redgranite Correctional Institution (RGCI). Dkt. No. 1 , ¶4. On June 28, 2020, correctional officer Isenberger came into work after coming in direct contact with someone who tested positive for Covid-19. *Id*., ¶14. Isenberger went through routine screening questions at the institution that morning, and he was cleared to work that day even though he reported "yes" to the question of if he had come into contact with someone who tested positive for Covid-19. *Id*., ¶¶15-18. Isenberger posted a sign that day that said, "I have been exposed to someone who tested positive for Covid-19." *Id*., ¶19. The inmates were given facemasks, but Morehead states that these facemasks "were not cdc.gov approved." *Id*., ¶26. Morehead states that he was "mentally and emotionally bothered, wondering if or when [he] [was] going to get infected by this unknown killer virus." *Id*., ¶21.

Morehead explains that he has a variety of medical conditions, and medications for those conditions, that weaken his immune system. *Id*., ¶¶27-30. In late October 2020, about three months after the Isenberger incident, Morehead tested positive for Covid-19. *Id*., ¶31. Morehead was quarantined for 14 days and was placed in isolation for 7 days; he lost over 20 pounds and received a variety of medications. *Id*. For relief, he seeks monetary damages and injunctions. *Id*. at 4-5.

## ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S.*

*v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). A district court may also exercise supplemental jurisdiction over state law claims that "are so related to claims in the action" over which the Court has "original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a).

Morehead asks to proceed with Eight Amendment deliberate indifference and state law negligence claims based on the fact that various people at RGCI knew about and allowed Isenberger to work on June 28, 2020 even though he had come into contact with someone who tested positive for Covid-19. Dkt. No. 1 at 4, ¶¶3-4. But Morehead fails to state a claim upon which relief can be granted because he does not allege facts from which a reasonable jury could infer that the incident from June 28, 2020 *caused* Morehead to catch Covid-19 three months later, in late October 2020. At bottom, section §1983 is a "tort damage action." *Lossman v. Pekarske,* 707 F.2d 288, 290 (7th Cir. 1983). "As in a common law tort action, the plaintiff in a civil rights tort action bears the burden of establishing that the defendant owed the plaintiff a duty, that the defendant breached his duties to the plaintiff, and that this breach caused the plaintiff actual damages." *Garza v. Henderson*, 779 F.2d 390, 395 (7th Cir. 1985). Morehead does not allege that Isenberger exhibited Covid-19 symptoms that day or that he was ultimately diagnosed with Covid-19 in the following days. To the contrary, Morehead specifically alleges that there is "no way of knowing if CO Isenberger was infected." *See* Dkt. No. 1 at 4.

Moreover, "the plain fact is that the country is experiencing a pandemic and cases of COVID-19 are breaking out in prisons and communities across the country." *See Coates v. Arndt*, No. 20-C-1344, 2020 WL 6801884, at *1–2 (E.D. Wis. Nov. 18, 2020). Any number of intervening and/or superseding events during that three-month period of time could have caused

Morehead to catch the virus. Morehead's suspicion that a masked interaction with someone who was exposed to the virus, but who may or may not have ever contracted Covid-19, three months removed from when Morehead actually caught Covid-19 may have caused Morehead to catch Covid-19 is far too attenuated and speculative to state a claim.

To the extent Morehead alleges that the facemask he received was not "cdc.gov approved," the "CDC Guidelines—like other administrative guidance—do not themselves set a constitutional standard*.*" *Mays v. Dart*, 974 F.3d 810, 823 (7th Cir. 2020). "[W]hile the recommendations of these various groups may be instructive in certain cases, they simply do not establish the constitutional minima; rather, they establish goals recommended by the organization in question." *Id*. Nothing alleged in the complaint states a claim for deliberate indifference. Therefore, the Court need not address whether there is supplemental jurisdiction over the state law negligence claim.

Although the Court generally gives a civil plaintiff at least one opportunity to amend his complaint, the Court need not do so where the amendment would be futile. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). Morehead's complaint is thorough in its allegations of fact surrounding this claim, so the Court finds that further amendment of the complaint would be futile. It will dismiss this case.

## CONCLUSION

Morehead has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 4) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the **$271.44** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated at Milwaukee, Wisconsin this 10th day of June, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.