UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

ANTHONY MOREHEAD,

            Plaintiff,

    v.                                                          Case No. 21-cv-0423-bhl

JOHN/JANE DOE 1, et al.,

            Defendants.

_____

## ORDER

_____

On June 10, 2021, the Court dismissed this case for failure to state a claim upon which relief can be granted. Dkt. Nos. 7-8. The Court concluded that plaintiff Anthony Morehead's allegation that various people at the Redgranite Correctional Institution allowed Correctional Officer Isenberger to work on June 28, 2020 even though he had come into contact with someone who tested positive for Covid-19 did not state a claim under the Eighth Amendment. Dkt. No. 7 at 4-5. The Court noted that Morehead did not allege any facts from which a reasonable jury could infer that the incident from June 28, 2020 *caused* Morehead to catch Covid-19 three months later, in late October 2020, and that any number of intervening and/or superseding events during that three-month period of time could have caused Morehead to catch the virus. *Id*. The Court also noted that Morehead's allegation that the facemask he received "was not cdc.gov approved" also did not state a claim because CDC guidelines do not themselves set a constitutional standard. *Id.*

On August 9, 2021, Morehead submitted a request to file an amended complaint, along with a proposed amended complaint. Dkt. No. 9. The proposed amended complaint reiterates the factual allegations from the original complaint but includes several new defendants, including the

warden, deputy warden, unit manager, and health service unit manager. *Id*., ¶¶6-7, 9, 13. The proposed amended complaint alleges that these individuals "fail[ed] to train and protect staff and inmates on established rules and regulations and procedural guidelines, including the CDC and DOC response to the Covid-19 pandemic." *Id*. The proposed amended complaint also mentions a "HIPAA violation" and "negligence." *Id*., ¶¶46, 51.

As the Court already explained in the prior screening order, CDC recommendations and guidelines do not themselves set constitutional standards, and the facts alleged in the complaint do not implicate the Eighth Amendment. *See* Dkt. No. 6. Further, a violation of prison policy also does not violate the constitution. *See Pulera v. Sarzant*, 966 F.3d 540, 551 (7th Cir. 2020). And there is no private cause of action under the HIPAA. *See Carpenter v. Phillips*, 419 Fed. Appx. 658, 659 (7th Cir. 2011). Morehead cannot proceed with any federal claims based on the factual allegations in the complaint. Given that there are no federal claims in this case, the Court can relinquish jurisdiction over any possible state law claims. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). Accordingly, the Court will deny the request to file an amended complaint.

**IT IS THEREFORE ORDERED** that the plaintiff's request to file an amended complaint (Dkt. No. 9) is **DENIED**.

Dated at Milwaukee, Wisconsin this 27th day of August, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge